UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DONNA WITT and GREGORY WORRELL,

                            Plaintiffs,

      v.                                    DECISION AND ORDER
                                                          03-CV-397A

EDWARD R. MOFFE, GARY M. SEGRUE,
and NEW YORK STATE POLICE,

                            Defendants.

---

## BACKGROUND

Plaintiffs, Donna Witt and Gregory Worrell, employees of the New York State Police ("NYS Police"), brought this action against their employer and their former supervisors, Captain Edward Moffe and Sergeant Gary Segrue, alleging violations under Title VII, 42 U.S.C. § 2000e et. seq., and 42 U.S.C. § 1983. In the complaint, plaintiff Witt alleges that she was subjected to a hostile work environment by her then-supervisor, Gary Segrue, and that after making a complaint of gender discrimination, defendant Moffe retaliated against her. Plaintiff Worrell alleges that after assisting Witt with the filing of her discrimination complaint, he also experienced retaliation by defendants Moffe and the NYS Police. Both plaintiffs also alleged First Amendment deprivations under § 1983.

1

This case was referred to Magistrate Judge H. Kenneth Schroeder, Jr., pursuant to U.S.C. § 636(b)(1). The defendants filed motions for summary judgment. Plaintiffs opposed those motions. On September 6, 2007, Magistrate Judge Schroeder filed a report and recommendation ("Report and Recommendation") recommending that: (1) summary judgment be granted to defendants as to plaintiff Witt's hostile work environment and retaliation claims; (2) summary judgment be denied as to plaintiff Worrell's retaliation claim; and (3) summary judgment be granted to defendants as to the First Amendment claims by Witt and Worrell.

Both parties filed limited objections to the Report and Recommendation. Oral argument was held on January 4, 2007.

## DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a de novo determination of those portions of the Report and Recommendation to which objections have been made. Upon a de novo review, and after reviewing the submissions and hearing argument from the parties, the Court hereby adopts Magistrate Judge Schroeder's Report and Recommendation. With regard to defendants' motion for summary judgment on plaintiff Witt's hostile work environment claim, in addition to the reasons set forth in the Report and Recommendation, the Court finds that summary judgment is appropriate because Witt has failed to satisfy the subjective component of that claim. The Supreme Court has made clear that a hostile work environment claim contains both an *objective* and a *subjective* component. *See Harris v. Forklift Systems,*

*Inc.*, 510 U.S. 17, 21-22 (1993).  "[I]f the victim does not subjectively perceive the environment to be abusive, the conduct has not actually altered the conditions of the victim's employment, and there is no Title VII violation." *Id.*   In other words, the plaintiff herself must believe that she is being treated badly, and that the reason for the mistreatment is unlawful discrimination.  *Id.; see also  Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001) (stating that a hostile work environment claim involves both an objective and subjective component).  In this case, plaintiff Witt gave a sworn statement indicating that she did not subjectively believe that defendant Segrue's behavior was motivated by an unlawful intent to discriminate.  *See* Report and Recommendation, at 10 (citing Dkt. 33, at p. 71).  According to Witt, "[defendant] Segrue treat[ed] everyone poorly.  I can't attribute it to gender or race specifically." *Id.*  Given that admission, plaintiff cannot satisfy the subjective component of her hostile work environment claim, i.e. that she subjectively believed she was being treated poorly because of her gender, and summary judgment is appropriate.

The Court also adopts Magistrate Judge Schroeder's recommendation to grant summary judgment in favor of the defendants on the plaintiffs' First Amendment claims, as to which no objection has been filed.

As to plaintiff Worrell's claim of retaliation, the Court adopts Magistrate Judge Schroeder's recommendation to deny summary judgment because a material issue of fact exists as to whether the State Police engaged in retaliatory conduct when they issued a "letter of counseling" finding that Worrell had violated a State Police regulation relating to the disclosure of confidential information.

To state a claim for retaliation in violation of Title VII, a plaintiff must show

that: (1) he participated in a protected activity known to the defendant; (2) the defendant took an employment action disadvantaging him; and (3) there exists a causal connection between the protected activity and the adverse action.  *See Patane v. Clark,* 508 F.3d 106, 115 (2d Cir. 2007).

Defendant State Police objects to Magistrate Judge Schroeder's determination that the issuance of a letter of counseling constituted an "adverse action" sufficient to satisfy plaintiff Worrell's *prima facie* burden.  As the defendant is aware, the Supreme Court recently clarified that the scope of the anti-retaliation provision is broader than Title VII's substantive provision in that, unlike Title VII's substantive provision, the anti-retaliation provision "is not limited to discriminatory actions that affect the terms and conditions of employment."  *See Burlington Northern & Santa Fe Railway Co. v. White,* --- U.S. ----, 126 S.Ct. 2405, 2412-13 (2006).  Rather, to prevail on a claim for retaliation under Title VII, "a plaintiff must [simply] show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination."  *Id.* at 2415 (internal quotation marks omitted).

This Court agrees with Magistrate Judge Schroeder's conclusion that the issuance of the letter of counseling and the corresponding notation in Worrell's personnel record indicating that a "Disciplinary/Personnel Complaint" against him was "deemed founded" would dissuade a reasonable worker from making or supporting a charge of discrimination.  *See Rivers v. Potter*, Civ. Action No. 05-4868, 2007 WL 4440880 (D.N.J. Dec. 18, 2007) (finding that "letter of warning" would tend to dissuade a reasonable employee from engaging in future protected action and therefore satisfied

the "adverse action" requirement of a retaliation claim even though same letter would not satisfy the "adverse action" requirement of a substantive Title VII claim). Accordingly, plaintiff Worrell has met this element of his *prima facie* burden. Furthermore, the fact that the disciplinary complaint was initiated by Captain Moffe shortly after Worrell instituted Witt's EEOC charge satisfies the requisite causal nexus between the complaint and the discriminatory action.

Alternatively, the State Police argue that Worrell admitted the misconduct cited in the letter of counseling and that his admission provides a legitimate non-discriminatory reason for the counseling letter. Worrell disputes the State Police's characterization of his testimony as an admission of misconduct. The Court finds that there is a material issue of fact as to whether Worrell admitted to engaging in the misconduct alleged in the letter of counseling.

Worrell was counseled for "having discussed [a] *pending insubordination complaint* in the presence of Investigator Feldman" in violation of State Police Regulation 8F2 which prohibits the disclosure confidential information regarding a pending personnel complaint. *See* Dkt. 57-2, at p. 87, 89 (emphasis added). The insubordination complaint at issue was a complaint by Sergeant Melissa Schreader against Trooper James Clear wherein Schreader alleged that Clear had been insubordinate.

The allegations of misconduct against Worrell stemmed from a visit that he made to the State Police station in Fredonia, New York, on March 8, 2002. Worrell had stopped into the Fredonia station to speak to Sergeant Schreader about some problems that she (Schreader) was having with Trooper Clear. Worrell's visit that day

5

was prompted by an email that he had received from another employee asserting that there may be an "EEO issue"[1] between Schreader and Clear. In a statement given to the State Police after his visit, Worrell admitted going to the Fredonia police station on March 8th and initiating a discussion with Schreader about Trooper Clear in the presence of another officer, Investigator Feldman. Worrell also admitted that, at that time, he was aware that there was a pending personnel complaint against Clear relating to Clear's failure to answer a radio call by Schreader. *See* Dkt. 33, at p. 353. Worrell asked Schreader, in Feldman's presence, if it was possible that the radio had been turned off. *Id*. at p. 367. Although Worrell reluctantly agreed that, in hindsight, a discussion about the radio could be construed as related to that pending personnel complaint, *id*. at p. 387, Worrell also repeatedly denied that his conversation with Schreader was in any way improper or that he disclosed confidential information during that meeting. *Id*. at p. 386. Worrell also insisted that, at the time he visited Fredonia on March 8th, he was not aware of the other personnel complaint - i.e. the pending *insubordination* complaint by Schreader against Clear. *See id*., at p. 353, 365, 376. Notwithstanding Worrell's steadfast denial, the counseling letter found that Worrell had "discussed the *pending insubordination complaint* in the presence of Investigator Feldman." *See* Dkt. 57-2 at p. 89 (emphasis added). Since Worrell consistently denied that he was even aware of that insubordination complaint, a genuine issue of facts exists as to whether Worrell admitted to engaging in the misconduct for which he was counseled. Summary judgment is therefore inappropriate.

---

[1] According to Worrell, he had been advised by another employee at the Fredonia office that Schreader's problem with Clear might be grounded in "religious differences."

Further, even if the Court were to agree that Worrell's statements constitute an admission of misconduct, summary judgment is inappropriate in light of evidence that other individuals also violated the same provision (by disclosing confidential information relating to a pending personnel complaint) but were not disciplined. Specifically, Worrell claims that Moffe disclosed confidential information to him about the pending insubordination complaint and yet Moffe was not investigated or disciplined for doing so.[2] That evidence is sufficient to create a triable issue of fact as to whether a retaliatory motive played any role in the State Police's decision to issue the letter of counseling against Worrell. *See Kessler v. Westchester Cty. Dep't of Social Services*, 461 F.3d 199, 211 (2d Cir. 2006) (holding that summary judgment inappropriate where the plaintiff "adduced evidence that, if credited, could support the conclusion that the [legitimate non-discriminatory] reasons proffered are pretextual").

## **CONCLUSION**

Accordingly, for the reasons set forth herein and in Magistrate Judge Schroeder's Report and Recommendation: (1) defendants' motions for summary judgment as to plaintiff Witt's hostile work environment and retaliation claims are granted; (2) defendants motions for summary judgment as to plaintiffs' First Amendment claims are granted; and (3) defendant State Police's motion for summary judgment as to plaintiff Worrell's retaliation claim is denied.

---

[2] In fact, Worrell claims that it was Moffe who first told him about the insubordination complaint and that Moffe did so after Worrell's March 8th visit to Fredonia. *See* Dkt. 33 at p. 365.

The parties shall appear before the Court on March 18, 2008 at 9:00 a.m. for a meeting to set a trial date.

SO ORDERED.

                                              s/ *Richard J. Arcara*  
                                              HONORABLE RICHARD J. ARCARA  
                                              CHIEF JUDGE  
                                              UNITED STATES DISTRICT COURT

DATED: February 5, 2008