UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GREGORY WORRELL and DONNA WITT,

                                    Plaintiffs,

            v.                              DECISION AND ORDER
                                                          03-CV-397A

EDWARD R. MOFFE, GARY M. SEGRUE,
and NEW YORK STATE POLICE,

                                    Defendants.

---

       Plaintiffs, Donna Witt and Gregory Worrell, employees of the New York State Police ("NYS Police"), brought this action against their employer and their former supervisors, Captain Edward Moffe and Sergeant Gary Segrue, alleging violations under Title VII, 42 U.S.C. § 2000e, and 42 U.S.C. § 1983.  On February 5, 2008, this Court issued a Decision and Order granting the defendants' motions for summary judgment as to plaintiff Witt's claims and denying defendants' motions for summary judgment as to plaintiff Worrell's claims.

       On February 19, 2008, plaintiffs brought a motion requesting that the Court enter a partial final judgment as to plaintiff Witt's claims so that she could immediately appeal the Court's summary judgment ruling without awaiting trial on the merits of Worrell's retaliation claims.  The defendants filed a response opposing the motion for entry of partial judgment.  For the reasons stated, the motion is denied.

**DISCUSSION**

Rule 54(b) of the Federal Rules of Civil Procedure permits a Court to enter partial judgment under certain circumstances. The rule provides:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). To enter judgment pursuant to Rule 54(b), the Court must find: (1) that multiple claims or multiple parties are present, (2) at least one claim, or the rights and liabilities of at least one party, was finally decided within the meaning of 28 U.S.C. § 1291, and (3) that there is no just reason for delay. *Ginett v. Computer Task Group, Inc.*, 962 F.2d 1085, 1091 (2d Cir. 1992).

The defendants do not dispute that the first and second criteria are met. This case involves multiple parties and multiple claims. Witt's hostile work environment and retaliation claims under Title VII were finally decided within the meaning of 28 U.S.C. § 1291 when this Court granted summary judgment against her. Although the facts underlying both Witt's and Worrell's claims are related, they are also distinct. Witt claimed hostile work environment and retaliation under Title VII relating to treatment by her former supervisor, Gary Segrue, whereas Worrell claims only retaliation as a result of treatment he received after helping Witt to file her harassment claim.

Adjudication of this motion turns on the third criteria: whether the Court finds

that there is "no just reason for delay" of Witt's appeal.  At the outset it is noted that the denial of the Rule 54(b) motion will not serve to delay recovery by Witt because this Court has already determined that she is not entitled to any recovery.  Therefore, regardless of whether the Court enters final judgment at this stage or after Worrell's trial, Witt will be not worse off.  She will only be entitled to recover if she is successful on her appeal of this Court's summary judgment ruling and then prevails at a subsequent trial on the merits of her claims.

The principal argument advanced in support of Rule 54(b) certification is that, if Witt's appeal is successful, her counsel will be required engage in two separate trials, as opposed to one - the first being the trial of Worrell's retaliation claims, and the second being the trial of Witt's claims.  While the Court is sympathetic to the burdens that will be placed upon plaintiffs' counsel if that scenario occurs, this Court's desire to alleviate the financial burdens that may be incurred by plaintiffs' counsel is not an appropriate consideration.  *See Ansam Assoc., Inc.  v.  Cola Petroleum, Ltd.,* 760 F.2d 442 (2d Cir.  1985) (stating that Rule 54(b) orders should not be entered routinely or as a courtesy to counsel).  Moreover, there is no certainty that this will occur.  It is quite possible that Witt's appeal will not be successful and that this Court's summary judgment ruling will be affirmed.

Likewise, the desire to avoid multiple trials, standing alone, is insufficient to warrant Rule 54(b) certification.  As Judge Larimer ruled in *Vannest v.  Sage, Rutty & Co., Inc.*, 8 F. Supp. 2d 243 (W.D.N.Y. 1998):

> [I]t is well established that avoiding multiple trials is an insufficient reason
> to justify a Rule 54(b) certification.  The possibility of a potential retrial
> exists in virtually every case where the district court dismisses some of the

parties but proceeds to trial against others.  Permitting interlocutory appeals under Rule 54(b) based only upon the belief that an immediate appeal might avoid the need for retrial . . could only contravene the federal policy against piecemeal appeals.

*Id.* at 245 (internal citations and quotations omitted); *see also McMahon v. ConAgra, Inc.,* 799 F. Supp. 320, 324 (W.D.N.Y. 1992) ("avoiding retrial is an impermissible basis for granting certification as a matter of law").

In sum, the Court finds that plaintiff has not met the "no just reason for delay" requirement of her Rule 54(b) motion and therefore certification is denied.  Trial of plaintiff Worrell's retaliation claim commence as scheduled on September 9, 2008.

SO ORDERED.

       s/ *Richard J. Arcara*
       HONORABLE RICHARD J. ARCARA
       CHIEF JUDGE
       UNITED STATES DISTRICT COURT

DATED:  June 17, 2008